UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE No.:

PRECIOUS PRICE,

    Plaintiff,

WALGREEN CO.

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Walgreen Co. ("Walgreens" or "Defendant"), by and through their undersigned counsel and pursuant to Title 28, United States Code, Section 1332(a); 1441; and 1446(b), hereby files this Notice of Removal to the United States District Court, Southern District of Florida, Fort Lauderdale Division, for the certain cause of action now pending in the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida, styled Precious Price v. Walgreen Co. ("Price" or "Plaintiff"), Case No. 21-0009134-(02) ("the State Court Action"), wherein Price demands judgment against Walgreens. In support of removal, Walgreens respectfully asserts the following:

## BACKGROUND

1. On May 5, 2021, Price filed a Complaint for negligence in the State Court Action in the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida.

2. On May 10, 2021, Walgreens received the Summons and Complaint in the State Court Action from the Florida Department of Financial Services. A copy of the papers filed in the

State Court Action, including the Summons and Complaint, are attached hereto ("State Court Papers"), as required under Title 28, United States Code, Section 1446(b). [See Composite "Exhibit A"].

3. Pursuant to Title 28, United States Code, Sections §§ 1446(a) and (d), undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal and all attachments hereto, will be promptly filed with the Clerk of the Circuit Court of Broward County, Florida, and the same will be promptly served on counsel of record.

4. The Complaint raises a claim for negligence against a Walgreens store located at 2104 W. Oakland Park Blvd., in Oakland Park, Florida, Broward County, Florida ("subject premises"). (*See* "Exhibit A," Compl. ¶¶ 4-11). Specifically, the Plaintiff contends that on December 7, 2019, while being at the subject premises, she slipped and fell on a liquid substance on the floor, sustaining serious injuries. (*Id.* at ¶¶ 6 and 7).

5. Plaintiff further alleges that Walgreens breached its duty of care owed to her by failing to, among other things, maintain its premises in a reasonably safe condition, correct a dangerous condition, and warn Plaintiff as to the existence of a dangerous condition. (*Id*. at ¶ 10 *et seq*.).

6. The Complaint alleges this is an action for damages in excess of $30,000.00 and therefore, meets the minimum state circuit court jurisdictional requirement. (*Id*. at ¶ 1).[1]

7. In the Complaint, Plaintiff concedes that she resides in Broward County, Florida. (*Id.* at ¶ 2). Plaintiff is a citizen and domiciled in Broward County, Florida, which is corroborated by traffic infractions that she accrued beginning in 2009—within Broward County—and her medical records for the medical treatment that she received as a result of this incident through May

---

[1] Plaintiff's Civil Cover Sheet alleges damages for $30,001-$50,000.

2020, with a listed address of 2051 NW 27th Ln. Fort Lauderdale, Florida.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

8. The named Plaintiff filed the Complaint on or about May 5, 2021.

9. Plaintiff served Walgreens with a copy of the Summons and Complaint on May 10, 2021.

10. This notice of removal is timely because it is filed within 30 days after Plaintiff served Walgreens with a copy of the Complaint. (*See* U.S.C. § 1446 (b)).

11. As of the date of this Notice of Removal, Walgreens responded to Plaintiff's Request for Admissions, but they have not filed an Answer in the State Court Action. Walgreens hereby reserves its rights to assert all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

12. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Florida, because Plaintiff filed the State Court Action within this District. The State Court Action is pending in the Seventeenth Judicial Circuit in and for Broward County, Florida. (*See generally* Compl.).

## *DIVERSITY OF CITIZENSHIP*

13. At all times relevant to this action, Plaintiff was and is a Florida citizen residing in Broward County, Florida.

14. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted); see also *Bankston v. Illinois Nat. Ins. Co.*, 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006) (holding that the defendant proved diversity of citizenship by

providing the court with an "offer to settle the underlying action, an incident report, a traffic crash report, and eight medical records or bills, each of which suggested that the plaintiff was a Florida citizen"); *see also Shields v. Fresh Mkt., Inc.*, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) (holding that the defendant proved diversity of citizenship by providing the court unredacted medical records of the plaintiff's injuries at issue with the plaintiff's address in Florida; plaintiff's driver's license records with an address in the State of Florida; and records from the United States Bankruptcy Court in the Southern District of Florida, with plaintiff's address located in Plantation, Florida).

15.     Here, Plaintiff's traffic infractions, court records, proof of Florida insurance, medical bills, and medical records—all contain addresses in Broward County—demonstratively indicates that the Plaintiff resides in Florida and intends (and has intended) to remain in Florida indefinitely.[2]  [*See* Composite "Exhibit B"—Court records from Seventeenth Judicial Circuit of Florida, case nos.: 09-111201TI30A; 10-006435TI40A; 15-029396TI10A; 16-013910TIA; 18-00533TI10A; and her medical records]; *see Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)) ("[c]itizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction"). Domicile requires both "residence in a state" and an "intention to remain there indefinitely[.]" *Id*.

16.     At all times relevant to this action, Walgreens is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Illinois with its

---

[2] Plaintiff's name and date of birth from her traffic infractions match Plaintiff's name and date of birth from her medical records; and all of the documents have addresses in Broward County, Florida. Defendant redacted a portion of Plaintiff's date of birth in accordance with Fed. R. Civ. P. 5.2, and CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy and Inappropriate Materials. If necessary, the defendant will provide the Court the documents in-camera or under seal.

principal place of business in Deerfield, Illinois. [*See* Composite "Exhibit C"—2021 Annual Report and Florida Department of State, Division of Corporations Entity Detail; *see* Compl. at ¶3].

17.     Thus, there is complete diversity of citizenship between the Plaintiff and Defendant.[3]

### *AMOUNT IN CONTROVERSY*

18.     When a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

19.     The claim in Plaintiff's Complaint squarely places the amount in controversy here, exclusive of interest and costs, in excess of $75,000.00. *See* 28 U.S.C. § 1332(a).

20.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from her medical records that she produced on August 21, 2020, that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00." (*See* Compl. at ¶¶ 1; and 11; *see Katz,* 2009 WL 1532129, 5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); see also, *Wilson v. Target Corp.*, 2010 WL 3632794, at 4 (S.D. Fla. 2010) (holding that defendant sufficiently demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000.00 with evidence of a pre-suit demand letter indicating over $100,000.00 in past

---

[3] Alternatively, should the Court require more documentation, Defendant respectfully requests for jurisdictional discovery or a Rule 12(b)(1) hearing.

medical expenses and future medical expenses); *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at 3-5 (M.D. Fla. 2010)(holding that the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would 'surely seek recovery of future medical expenses and significant pain and suffering damages'"); *Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390-ORL, 2010 WL 5140849, at 1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy).

21. The relevant portions of the demand letter conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum. Specifically, in the demand letter, Plaintiff contends that she sustained severe and permanent injuries due to the alleged incident, and her damages in this case will exceed $278,994.75, and they will "likely continue to increase significantly into the future along with general damages." [*See* Composite "Exhibit D"].

### *CONCLUSION*

22. This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Walgreens are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. 21-0009134-(02).

WHEREFORE, Defendant WALGREENS CO. respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE 21-

009134 (02), be removed from that court to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walgreens is entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and electronically via CM/ECF this 9th day of June, 2021, to Daniel Drazen, Esq, The Injury Firm, Counsel for Plaintiff, 1608 E. Commercial Blvd., Fort Lauderdale, Florida  33334 at eservice2@flinjuryfirm.com

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A**.
*Attorneys for Defendant*
By:      */s/ Scott R. Strauss*
SCOTT R. STRAUSS, ESQ.
E-mail: Scott.Strauss@qpwblaw.com
Florida Bar No. 74425
2400 E. Commercial Blvd., Suite 520
Fort Lauderdale, Florida 33308
Telephone:     (954) 523-7008
Facsimile:      (954) 523-7009


DAVID M. TARLOW
//s David M. Tarlow
Florida Bar No. 893684

**Designated Emails for service of pleadings and court documents only:**
Scott.Strauss@qpwblaw.com
Dtarlow.pleadings@qpwblaw.com